## EL PUEBLO v. ORTIZ.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 11.—Resuelto en Junio 22, 1904.

APELACIÓN—PLIEGO DE EXCEPCIONES—EXCEPCIONES CONSIGNADAS EN LAS ACTAS
DEL JUICIO.—Aunque en la transcripción de autos presentada á los efectos de
una apelación no se haya incluido ningún pliego de excepciones, el Tribunal
tiene facultades para discutir y resolver aquellas excepciones que aparezcan
consignadas en las actas del juicio.

ACUSACIÓN—ALEGACIÓN DE HABER SIDO EL ACUSADO, ABSUELTO Ó CONVICTO
DEL MISMO DELITO—ACTA DEL JUICIO.—La alegación del acusado de haber
sido juzgado ya por el mismo delito, debe formularse al tiempo de contestar
la acusación, expresándose, no solo el Tribunal por el cual fuera juzgado an-
teriormente, sino también la fecha de la sentencia, consignándose así en el
acta del juicio; si no se cumplieren tales requisitos, la alegación deberá ser
desestimada.

Pruebas—Preguntas Impertinentes.—Se consideran impertinentes todas aquellas preguntas que versen sobre cuestiones que no tengan relación alguna con los hechos debatidos en el juicio; tales preguntas deberán ser desestimadas.

Id.—Denegación de pruebas.—Si durante el juicio se hubiere denegado al acusado la admisión de algunas pruebas, y de la transcripción de autos no apareciera el fin que se propusiera el acusado con la presentación de las pruebas excluídas, ni las razones que tuviera el Juez de la Corte inferior para rechazarlas, el Tribunal carece de base para resolver sobre la pertinencia ó impertinencia de tales pruebas siendo en todo caso deber del acusado demostrar la pertinencia de las mismas.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

El Juez Sr. Hernández, emitió la siguiente opinión del Tribunal.

El acusado Rómulo Ortíz ha venido á esta Corte Suprema en virtud de recurso de apelación interpuesto contra sentencia del Tribunal de Distrito de Ponce, que le condena como autor del delito grave de abuso de confianza, comprendido y penado en los artículos 450 y 430 del Código Penal, á la pena de dos años de presidio con trabajos forzados, que deberá extinguir en el Departamental, y al pago de las costas causadas en el juicio. El apelante fué acusado debidamente, en 14 de Agosto del año próximo pasado, por el Fiscal del Distrito de Ponce, por el delito de que se deja hecho mérito, cometido como sigue:

"En la jurisdicción de Santa Isabel, Distrito Judicial de Ponce, y en los primeros meses del corriente año, el individuo Rómulo Ortiz, Mayordomo que era de la hacienda "Obdulia" de Don Fernando Vendrell, ilegal y fraudulentamente empleó, en su propia utilidad, diez cabezas de ganado que habían sido confiadas á su custodia, las que se describen en la forma siguiente: Un novillo bayo, barriga blanca, llamado Borinquen, No. 128, letras F.A.V. Un novillo amarillo berrendo, no. 215, letras F.AV. Una novilla amarilla berrenda con un lucero, no. 31, letras F. A. V. Una novilla hosca no. 113, letras F. A. V. Una novilla negra, manchas blancas en la barriga, no. 160, letras F.A.V. Una novilla india, barriga blanca, no. 331, letras F.A.V. Una novilla baya amarilla, no. 332, letras F.A.V. Una novilla baya casi negra,

rabo muy grueso con la punta negra, no. 354, letras F.A.F. Dos becerros sin sellar de 4 á 5 arrobas.''

En 15 de Septiembre siguiente compareció el acusado ante el Tribunal, negó la acusación, y manifestó que quería ser juzgado por el Tribunal de Derecho. Celebrado el juicio oral en distintas sesiones, de las cuales la primera tuvo lugar en 2 de Octubre y la última en nueve del propio mes, aparece de las actas correspondientes: 1º. Que después de haber formulado el Fiscal contra el reo los cargos que de la acusación aparecen propuso prueba testifical, y en ese momento el abogado del acusado alegó que éste había sido juzgado ya por el mismo delito, excepción que fué desestimada por haber ya pasado el término para proponerla: 2º. Que al ser interrogado por el defensor, el testigo Don Fernando Vendrell, sobre si sabía que el Juez de Paz no tenia atribuciones para hacer embargos, el Fiscal se opuso á que fuese contestada esa pregunta, y el Tribunal la declaró impertinente, por lo que el Letrado tomó excepción: 3º. Que dicho Letrado tomó también excepción por haber denegado el Tribunal la introducción de los libros de Vendrell, donde constan las cuentas de la hacienda ''Obdulia''. 4º. Que habiendo interrogado el defensor al testigo Domingo Sanchez si sabia que cuando un ganado que come en pasto ageno, se traslada á otro de yerba fresca, se enferma y muere, la Presidencia, de acuerdo con el Tribunal, declaró impertinente tal pregunta, de cuya resolución se tomó excepción por el abogado: 5º. Que al declarar el acusado, la Corte declaró impertinente la siguiente pregunta de su abogado defensor: ¿Sabe U. por que el Sr. Vendrell se apropió de sus animales ó propiedad? consignándose la oportuna excepción.

En vista del resultado de las pruebas el Tribunal dictó sentencia en 22 de Octubre citado, condenando á Rómulo Ortiz á la pena de que se deja hecho mérito, y contra esa sentencia interpuso el reo recurso de apelación que le fué admitido, elevándose á esta Corte Suprema las copias correspondientes para la decisión del recurso. No se ha presentado pliego de

excepciones, y tampoco se ha alegado ante la Corte inferior
ó ante esta Corte, fundamento alguno para sostener el recurso
interpuesto; pero este Tribunal Supremo en uso de las facul-
tades que le concede la ley de 12 de Marzo del año próximo
pasado, transformando el Tribunal Supremo de Casación en
Corte de Apelación, examinará las excepciones consignadas
en las actas de las sesiones del juicio.

La alegación del Letrado defensor de Rómulo Ortiz, con-
sistente en haber sido ya juzgado por el mismo delito, la que
fué desestimada por el Tribunal, no se hizo en tiempo y for-
ma, pues debió formularse al contestar la acusación, según se
desprende de los artículos 144, 162 y 163 del Código de Enjui-
ciamiento Criminal, y también debió expresarse no sólo el Tri-
bunal por el cuál fué juzgado Ortiz, sino también la fecha de
la sentencia, consignándose así en el acta del juicio, con
arreglo á lo que previene el número 3 del artículo 163 ya cita-
do. No habiéndose llenado esas condiciones de tiempo y
forma, el Tribunal sentenciador procedió con arreglo á dere-
cho al denegar dicha excepción.

También procedió con arreglo á derecho el Tribunal de
Ponce al declarar impertinentes varias preguntas del abogado
defensor del acusado, ó sean las que hemos dejado consigna-
das, pues esas preguntas en realidad eran impertinentes por
separarse de la materia del judicial debate.

En cuanto á la resolución del propio Tribunal denegando
la introducción de los libros que llevaba Don Fernando Ven-
drell, y donde constan las cuentas de la hacienda "Obdulia",
no aparece en el record el fín que se propusiera el Letrado
defensor con la introducción de dichos libros, ni por qué el
Tribunal rechazó su introducción, habiendo, además, la cir-
cunstancia justificada por el record, de que en la antepenúltima
sesión del juicio se presentaron por el acusado, como prueba
documental, nueve relaciones de ingresos y egresos durante
otras tantas semanas en la hacienda "Obdulia", rendidas por
Rómulo Ortiz al propietario Vendrell, una libreta que poseía

Ortiz para saber el ganado existente y poder hacer el recuento del mismo, la que le fué entregada por Vendrell, dos cuadernos más que tenía Vendrell en su poder, donde está detallado el ganado existente en la hacienda "Obdulia", un libro Diario de cuentas de la hacienda "Obdulia" desde que la hubo Vendrell hasta la fecha 12 de Setiembre, un acta levantada por Don Fernando Vendrell ante testigos, del resultado del recuentó del ganado de la finca, al cesar el Mayordomo Ortiz, y una carta de éste á Vendrell, acusándole recibo de un ganado para darle ingreso en la "Obdulia." Atendida esa prueba documental que fué admitida por el Tribunal sentenciador esta Corte no puede afirmar que fuera pertinente la introduc ción de los libros, denegada en el juicio y que motivó una de las excepciones; pero si era pertinente, al acusado toca demostarlo, lo que no ha intentado siquiera, haciendo las oportunas alegaciones.

Por las razones expuestas, este Tribunal entiende, que lejos de haberse cometido error alguno que afecte á los derechos sustanciales del acusado, se ha hecho cumplida justicia al pronunciarse la sentencia recurrida, la cual debe confirmarse con las costas á cargo del apelante.

*Confirmada,*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.